## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TINA AHEDO,**

            Plaintiff**,**

vs.                                                                    **Case No: 8:06-cv-39-T-EAJ**

**MORTGAGE INVESTORS CORP.**
**OF OHIO, INC,**
**d/b/a MORTGAGE INVESTORS CORP.,**

            Defendant.

_____/

## ORDER

        Before the court are **Defendant's Motion for Partial Summary Judgment** (Dkt. 17) and

**Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment**.  (Dkt. 18)[1]

        Plaintiff, a former employee of Mortgage Investors Corporation ("MIC"), asserts claims

against MIC for violations of 42 U.S.C. § 2002e-3(a) and Section 760.10(7) of the Florida Statute.

(Dkt. 1 at 3-4)

        MIC filed a motion for partial summary judgment on the grounds that Plaintiff has failed to

demonstrate a claim of discrimination.  (Dkt. 17 at 2-3)  In particular, MIC asserts that Plaintiff has

failed to establish a prima facie case of sexual harassment and hostile environment.  (Dkt. 17 at 2-6)

In response, Plaintiff states that she is not alleging any claims for sexual harassment or a hostile

environment, but rather claims for retaliation.  (Dkt. 18 at 1)

        Upon review of Plaintiff's complaint, the court agrees that Plaintiff has not alleged claims

of sexual harassment or hostile environment.  In Counts I and II, Plaintiff asserts that MIC violated

_____

        [1] The parties consented to jurisdiction before the undersigned on January 3, 2007 (Dkt. 14).

federal and state law by discriminating against Plaintiff because she made a charge that Defendant had engaged in unlawful employment practices or opposed unlawful employment practices.  (Dkt. 1 at 3, 5)   Plaintiff further contends that her charge of discrimination or opposition to unlawful employment practices "was a substantial factor in Defendant's discrimination or retaliation against her." (Id.)  Specifically, Plaintiff alleges that on August 4, 2004, MIC's National Director subjected Plaintiff to unwelcome conduct of a sexual nature.  (Dkt. 1 at 2)   Plaintiff contends she had a reasonable good faith belief that she had subjected to unlawful sexual harassment.  (Id.)   After Plaintiff complained about the alleged misconduct to her supervisors, Plaintiff states that she was terminated by MIC.  (Id.)

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action, and (3) there is some causal relation between the two events.  Meeks v. Computer Assocs. Int'l., 15 F.3d 1013, 1021 (11th Cir. 1994).  To recover for retaliation, a plaintiff need not prove the underlying claim of discrimination that led to his protest, so long as he had a reasonable good faith belief that the discrimination existed.  Gupta v. Florida Bd. of Regents, 212 F.3d 571, 586 (11th Cir. 2000).

Although MIC disputes Plaintiff's version of the alleged unwelcome conduct by a MIC employee, MIC does not dispute that Plaintiff had a good faith belief that discrimination existed. (Dkt. 17)   Indeed, MIC admits that Plaintiff's claims are based on Plaintiff's belief that she was subjected to sexual harassment by a MIC employee. (Dkt. 17 at 2)  MIC argues that, even assuming that Plaintiff's version of the incident were true, the incident was not sufficiently severe or pervasive enough to create a hostile environment and constitute sexual harassment.   (Dkt. 17 at 5-6)   To prevail on her retaliation claims, Plaintiff does not have to prove the underlying claim of sexual

harassment.

MIC does not seek summary judgment on Plaintiff's retaliation claims.  Thus, Defendant's motion for partial summary judgment is denied.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1)      **Defendant's Motion for Partial Summary Judgment** (Dkt. 17)  is **DENIED**.

      **DONE** and **ORDERED** in Tampa, Florida on this 2nd day of October, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

3